No. 2,381.

THE PEOPLE OF THE STATE OF CALIFORNIA, RESPONDENT,

v. JAMES GELABERT, APPELLANT.

CONFESSION OF THE ACCUSED.—WITNESS.—A witness who has a very imperfect knowledge of the language employed in the conversation, and who did not understand the whole of the conversation in which the supposed confession was made to him by the accused, is incompetent to testify as to such confession.

APPEAL from the District Court of the Fifth District, San Joaquin County.

The facts are stated in the opinion.

*B. McKinne,* for Appellant.

*Jo Hamilton,* Attorney General, for Respondent.

WALLACE, J., delivered the opinion of the Court:

The prisoner, Gelabert, was convicted of the crime of murder in the first degree, in the alleged killing by him of his brother Peter.

On the trial, the prosecution was permitted, against the objection of the prisoner, to prove an alleged confession of the prisoner, stated to have been made to Poyner, a witness sworn and examined in the case.

The prisoner is a native of Spain, and speaks the language of that country with only an occasional English word in conversation. The witness, Poyner, upon the other hand, though speaking English, says, when inquired of as to his knowledge of the Spanish language, "I understand a very little, sir." The alleged confession was made partly in Spanish and partly in broken English, and the witness stated that he did not understand all that the prisoner said in Spanish.

The supposed confession involved a serious contradiction in the statement of the prisoner which was calculated to weigh greatly against him before the jury.

Poyner says : "I asked him if he had killed his brother, and he said he had not; and then, afterwards, he said he had," etc.

Some of the reasons given why extra-judicial confessions should be received with great caution are that there is *danger* of mistake from misapprehension of the witness, *the misuse of words,* the failure of the party *to express his own meaning,* the infirmity of memory. (1 Greenleaf Ev., § 214, etc.)

These dangers are said to exist even where the prisoner and the witness speak a common language and have no difficulty in understanding each other at the time. Even under such

circumstances, the confession is to be *"received with great caution."*

Here it is certain that, to some extent, the witness failed to comprehend all that the prisoner said. How important the portion not understood may have been we cannot know. It might have, if correctly and fully detailed, relieved the prisoner from the serious contradiction which, as here given, it fixed upon him.

The same author from whom we have already quoted (§ 218) states that the rule is, that the whole of what the prisoner said on the subject at the time of making the confession should be taken together, and he argues that it is not reasonable to assume that the entire proposition, of which the prisoner is speaking at the time, can be set forth as he really intends it to be understood, in a single sentence, or indeed, in any particular number of sentences, less than the *whole* conversation. Here, as we have seen, the witness never did, even substantially, understand or comprehend all that the prisoner seems to have said to him in making the alleged confession, and under the rule laid down no part of such confession should have been allowed in evidence against him.

The judgment is reversed, and the cause remanded for a new trial.