[No. 1475.]

## THE STATE OF NEVADA, RESPONDENT, *v.* JOHN BUS-TER, A PIUTE INDIAN, APPELLANT.

CRIMINAL LAW—EVIDENCE—CONFESSIONS.—The fact that portions of a voluntary confession made by an accused out of court were not understood by the person to whom they were made, because made in a language with which he was unacquainted, renders the entire confession inadmissible.

IDEM—ERRONEOUS ADMISSION, WHEN HARMLESS.—Error in admitting the evidence of one witness of a confession by an accused is harmless where the same confession is proved by other witnesses.

APPEAL from the District Court of the State of Nevada, Humboldt county; *A. E. Cheney*, District Judge:

John Buster was convicted of murder, and appeals. Affirmed.

The facts sufficiently appear in the opinion.

*S. J. Bonnifield*, for Appellant:

I. Defendant's motion to strike out all of the testimony of the witness Eugene Cozzens, as to the alleged confession, should have been granted. The defendant is an Indian, speaking and understanding but little of the English language. The witness Cozzens speaks English, but does not understand the Indian language. The alleged confession was obtained by the witness through an Indian interpreter, immediately after the arrest of the defendant, and while he was in the custody of the witness. This state of facts was not disclosed until the cross-examination of the witness.

II. The order of the court, made after denying defendant's motion, striking out all the testimony that witness understood through the interpreter, in no way modified the ruling on the motion, or mitigated its evil effect. The jury could not tell what portion of the testimony the witness

understood through the interpreter; the witness himself could not do this, and so states.

III.　The witness was not competent to testify to any declarations of defendant made through an interpreter, and as these could not be segregated, his entire testimony as to the confession should have been stricken out. (*Sharpe* v. *McIntire*, 46 Pac. 115.)

IV.　It may be argued that there is other evidence in the case sufficient to sustain a conviction, and therefore the ruling of the court, though erroneous, was harmless. There might be some force to this argument if the testimony asked to be stricken out was of a character calculated to prejudice the appellant. But being of such character, the argument fails. It was calculated to prejudice the appellant, undoubtedly influenced the jury in their consideration of the other testimony in the case, and, in fact, may have been the particular evidence upon which the verdict was based. It should have been stricken out in its entirety whenever it became apparent that it was prejudicial, and that which was incompetent could not be separated from that which was competent and legal evidence in the case.

*L. A. Buckner*, District Attorney, and *Robt. M. Beatty*, Attorney-General, for Respondent.

By the Court, BELKNAP, J.:

Appellant was convicted of the crime of murder in the first degree in killing Frank Messa. The only exception urged in this court is upon a motion to strike out the testimony of Eugene Cozzens, a witness introduced by the prosecution to prove a confession made by the defendant, upon the ground that a portion of it was hearsay. The defendant is an Indian. The confession was spoken in the jargon formed by the mixture of the language of his tribe with English words. Cozzens did not understand that portion of it which was spoken in the native language of the Indian, and an interpreter translated it. The court allowed the motion to strike out all of Cozzens' testimony that he understood by the aid of the interpreter, but all the testimony that Cozzens understood without the aid of an interpreter was allowed to stand.

" Some of the reasons given why extrajudicial confessions should be received with great caution are that there is danger of mistake from the misapprehension of the witness, the misuse of words, the failure of the party to express his own meaning, the infirmity of memory." (*People* v. *Gelabert*, 39 Cal. 663.)

" In the proof of confessions, as in the case of admissions in civil cases, the whole of what the prisoner said on the subject, at the time of making the confession, should be taken together. This rule is the dictate of reason, as well as of humanity. The prisoner is supposed to have stated a proposition respecting his own connection with the crime, but it is not reasonable to assume that the entire proposition, with all its limitations, was contained in one sentence, or in any particular number of sentences, excluding all other parts of the conversation. As in other cases, the meaning and intent of the parties are collected from the whole writing taken together, and all the instruments, executed at one time by the parties, and relating to the same matter, are equally resorted to for that purpose; so here, if one part of the conversation is relied on, as a confession of the crime, the prisoner has a right to lay before the court the whole of what was said in that conversation; not being confined to so much only as is explanatory of the part already proved against him, but being permitted to give evidence of all that was said upon that occasion relative to the subject matter in issue." (1 Greenleaf on Ev., 218.)

The court should have granted appellant's motion and have stricken out all of the testimony of the witness concerning the confession. But the failure to make the proper order will not result in reversing the judgment as the same confession was conclusively established by several other witnesses who were familiar with the Indian language and whose testimony was not attempted to be contradicted, therefore the error was harmless. (*State* v. *Murphy*, 9 Nev. 394; *Perrin* v. *State*, 50 N. W. 516; *Torris* v. *People*, 36 Pac. 153; *Mayor of N. Y.* v. *National Broadway Bank*, 27 N. E. 555; *Brown* v. *Kloch*, 5 N. Y. 245; Crim. Pr. Act, sec. 487.)

Judgment affirmed.