[No. 1814]

THE STATE OF NEVADA, RESPONDENT, v. WILLIAM MARTEL, APPELLANT.

1. CRIMINAL LAW—INSTRUCTIONS—HARMLESS ERROR.
The court instructed that a witness is presumed to speak the truth, but such presumption may be repelled by the manner in which he testified, the character of his testimony, or by contradictory evidence, but that the jury were the sole judges of his credibility, and that, "if any witness examined before you has wilfully sworn falsely as to a material matter, you may disregard the entire evidence of such witness." *Held*, that the court's failure to add to the part above quoted the qualification "except in so far as it is corroborated by other credible evidence," could not have prejudiced accused, in view of the fact that the great preponderance of the evidence showed guilt; the instruction as given not precluding the jury from considering the weight of a witness's testimony, though they believed him to have sworn falsely on a material matter.

NORCROSS, C. J., dissenting.

APPEAL from the District Court of the Fifth Judicial District of the State of Nevada, Nye County; *J. P. O'Brien*, Judge.

William Martel was convicted of having burglars' tools in his possession with intent to enter a store, and he appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*J. H. Morris*, for Appellant:

I.    One of the principal points upon which the defendant in this case relies, is the error of the court in instructing the jury in the said case, as follows: "If any witnesses examined before you has wilfully sworn falsely as to any material matter, you may disregard the entire evidence of such witness." The error complained of is that the judge of the district court omitted from this said instruction the phrase "except in so far as it is corroborated by other credible evidence."

II.    In the De Wolf case the court cites the case of *Cameron* v. *Wentworth*, 57 Pac. 648, in which it was held that the rule concerning such instructions was that "where a witness has wilfully sworn falsely as to any material matter upon the trial, the jury is at liberty to discard his entire testimony, except in so far as it had been corroborated by other credible evidence." The same rule is announced in *Bonnie* v. *Earll*, 29

Pac. 882; *People* v. *Durrant*, 116 Cal. 179.  In *Bonnie* v. *Earll*, 29 Pac. 882, the court cites a great number of cases in which this question is discussed, and we respectfully call the attention of this honorable court to these cases.

III.    Mr. Jones in his work on Evidence, vol. 3, p. 1994, in discussing the maxim *falsus in uno, falsus in omnibus*, states "that there are certain limitations to the general rule that a witness who speaks falsely as to one matter is not worthy of belief in other matters," and he sets out one of these exceptions or limitations to be that the testimony of a witness speaking falsely in a material matter may be disbelieved by a jury, except that "such testimony as is corroborated by other credible evidence, or by facts and circumstances which may be fairly inferred from the same, should be given proper weight by the jury"; in support of which contention the author cites a number of cases, set forth in note 7, vol. 3, Jones on Evidence, p. 1998.    Under the instructions as given by the judge of the district court in this case, the jury were precluded from believing any testimony corroborative of that given by the defendant, if they believed that the defendant wilfully swore falsely to any material matter.  Such an instruction could not help but work prejudice to any material matter.

IV.    The statute is silent as to when the motion to quash the indictment should be made.    In *State* v. *Collier*, 17 Nev. 275, the court, in discussing this matter, said: "We are of the opinion that motions of this character ought, under the provisions of our statute, to be made before plea.    If a wrong has been committed the law intends that the party injured shall have a remedy; but where it provides the manner in which relief shall be given, the path pointed out shall be followed."

*R. C. Stoddard*, Attorney-General, and *L. B. Fowler*, Deputy Attorney-General, for the State.

By the Court, SWEENEY, J.:

The defendant, William Martel, was indicted by the grand jury of Nye County, State of Nevada, for the crime of having in his possession instruments and tools with felonious intent to break and enter into a merchandise store in Tonopah,

Nevada. It appears from the evidence that the defendant, appellant herein, with two associates, were overheard planning the burglarizing of some building, and, upon being shadowed by the night officers of Tonopah, were arrested about midnight in the doorway of Ryan & Stenson's clothing store in Tonopah, Nevada. Upon being apprehended and brought to the jail, the defendant was searched, and upon him were found two burglar or pick-lock keys, one file for making the same, black handkerchief mask wrapped around a Colt's six-shooter, which revolver was taken apart, some of which parts were concealed in his boot leg and others concealed in his underclothing; also cartridges and a razor fastened to his underclothing under his arm. Defendant was tried before a jury, found guilty, and sentenced by the court to serve a term of three years in the Nevada state penitentiary. From the judgment and order denying his motion for a new trial, defendant appeals.

Appellant assigns as error the following instruction given by the court: "You are the sole judges of the effect and value of the evidence introduced in this case. Your power, however, of judging in this regard, is not an arbitrary power, but it is to be exercised with legal discretion and in subordination to the rules of evidence. You are not bound to decide in conformity with the declarations of any number of witnesses which do not produce a conviction in your minds against a less number, or against a presumption or other evidence satisfying your minds. A witness is presumed to speak the truth. This presumption, however, may be repelled by the manner in which he testified, by the character of his testimony, or by contradictory evidence. You are the sole and exclusive judges of his credibility. If any witness examined before you has wilfully sworn falsely as to any material matter, you may disregard the entire evidence of such witness."

Appellant maintains that the court erred in giving the above instruction, because in the last three lines of said instruction the district court omitted to add the following phrase: "Except in so far as it is corroborated by other credible evidence." While we believe the court could have with propriety added the phrase omitted and complained of, yet, in the present case, in view of the overwhelming pre-

ponderance of evidence conclusively proving defendant's guilt, we do not believe the omission of the same is prejudicial to the defendant's rights. (*Turner* v. *State,* 50 South. 629.) The instruction as given, without the words complained of, did not preclude the jury from regarding the weight of any evidence given of any witness, even though they believed him to have sworn falsely on some material matter. Neither is there anything in the instruction given as would preclude the jury from considering the testimony of other witnesses corroborative of the same testimony which may have been given by a witness who might have testified falsely in some respect as to some material matter.

Other instructions given and complained of were thoroughly covered by other instructions given by the court. We believe it is unnecessary to consider them for the reason this court has repeatedly held that, where instructions cover the law, it is not error to refuse to give other instructions which have been covered by instructions previously given by the court of its own motion or otherwise. Other objections raised we have considered and find devoid of merit.

The judgment of the lower court is affirmed.

It is so ordered.

TALBOT, J.: I concur.

NORCROSS, C. J., dissenting:

I am unable to concur in the affirmation of the judgment. In the giving of the instruction quoted in the prevailing opinion, I think the qualifying words "except in so far as it is corroborated by other credible evidence," should have been added. In this particular case, however, the error was without prejudice for the reason that the defendant was the only witness in his own behalf, and was not corroborated by any evidence except in certain particulars by evidence offered upon the part of the state, and in these particulars the evidence was without conflict.

I think, however, the court committed reversible error in this case in refusing all of the instructions requested upon the part of the defendant.

The gist of the offense charged was the felonious intent.

Defendant's requested instructions Nos. 12 to 15, inclusive, were designed to impress upon the minds of the jurymen that the mere finding upon the person of defendant of tools and implements adapted to purposes of burglary was not alone sufficient to establish the criminal intent. The only instruction given by the court upon the subject of intent was of a most general character, and is as follows: "In every crime or public offense there must exist a union or joint operation of act and intention or criminal negligence. The intent or intention with which an act is done is manifested by the circumstances connected with the perpetration of the offense and the sound mind and discretion of the accused. As to the intent or intention with which the act charged is alleged to have been done, you must arrive at it from all the testimony in the case and from all the acts, conduct, and circumstances as shown by the evidence introduced before you. Criminal intent is usually proven as a deduction from declarations or acts."

Where an instruction, requested by the defendant, correctly states the law, it should not be refused by the court unless already allowed, substantially, in other instructions to be given. It cannot, I think, be said that the refusal to give these instructions was not prejudicial to the defendant. The record shows that the jury had some difficulty in reaching a verdict and at one time reported that they were unable to agree upon a question of fact. An agreement was finally reached, and a verdict of guilty returned with a recommendation of mercy to the court. While the evidence was all circumstantial, it may be that a verdict of guilty would have been returned had these instructions been given; but that is a matter upon which courts are not permitted to speculate. The refused instructions went to a material point in the case, and were not, in my judgment, sufficiently covered by other instructions given.