[No. 2032]

## STATE OF NEVADA, RESPONDENT, *v.* ANDRIZA MIRCOVICH, APPELLANT.

1. CRIMINAL LAW—EVIDENCE—CONFESSION—NECESSITY OF CAUTION.
    Voluntary statements made by accused while in custody, without the use of force, threats, inducements, or promises, or hope of reward, were not inadmissible in evidence merely because he was not first informed that they might be used against him; there being no statutory provision in this state that confessions shall not be admitted unless it appears that accused was warned that what he should say might be used against him.

2. CRIMINAL LAW—APPEAL—HARMLESS ERROR.
    Where evidence showed conclusively and was undisputed that the accused killed deceased with a knife, the admission of his statements as to his possession of the knife by which deceased was killed, even if erroneous because he was not warned that they might be used against him, did not require a reversal in view of Rev. Laws, 7302, requiring the court, after hearing the appeal, to give judgment without regard to technical error or defect not affecting the substantial rights of the parties, and section 7469 providing that no judgment shall be set aside or new trial granted on the ground of misdirection of the jury or improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless the court, after an examination of the entire case, is of the opinion that the error has resulted in a miscarriage of justice or has actually prejudiced the defendant in respect to a substantial right.

3. CRIMINAL LAW—TRIAL—ARGUMENT OF COUNSEL.
    A remark of the district attorney in arguing in favor of the death penalty that if the jury could not pronounce by their verdict the death penalty upon defendant, "Let's resurrect old Casey that killed Mrs. H. and let him live again," without

stating the facts in regard to the commission of the crime for which Casey was hanged, and evidently with the assumption that the jurors were aware of the punishment suffered by him, was not beyond the bounds of legitimate argument.

4. CRIMINAL LAW—TRIAL—ARGUMENT OF COUNSEL.

On a trial for murder, where there was evidence that accused had stated that he was an anarchist, a reference to him by the district attorney in his argument as an anarchist was not prejudicial error.

5. CRIMINAL LAW—TRIAL—ARGUMENT OF COUNSEL.

Prosecuting attorneys are not justified in their argument in accusing a defendant with being guilty of offenses against the statutory or moral law, as to which there is no evidence; mere abuse or the application of vile epithets not being proper argument.

6. CRIMINAL LAW—TRIAL—ARGUMENT OF COUNSEL.

On a trial for murder, where a witness for the state on cross-examination had denied he had advocated "swinging" accused, but admitted that he thought that the crime was such that the county should be saved the expense, it was not error for the district attorney to refer to such testimony as an argument in favor of the death penalty.

APPEAL from Fifth Judicial District Court, Nye County; *Mark R. Averill*, Judge.

Andriza Mircovich was convicted of murder in the first degree, and appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*J. E. McNamara*, for Appellant:

The district attorney, in his zeal for a conviction, in his closing address went outside the evidence and referred to a crime committed in Goldfield, saying: "Why, gentlemen of the jury, if you cannot pronounce by your verdict the death penalty upon this defendant, I say, let's resurrect old Casey and let him live again." Such statement was seriously prejudicial to defendant's legal rights and must and did influence and bias the minds of the jury. Because of said statement the defendant was deprived of his constitutional right to a fair and impartial trial. (*Tillery* v. *State*, 5 Am. Rep. 882; *Brown* v. *Swineford*, 28 Am. Rep. 582; *People* v. *Ah Len*, 27 Am. St. Rep. 103; *People* v. *Vielleries*, 127 Cal. 66; *People* v. *Aiken*, 11 Am. St. Rep. 512; *Martin* v. *State*, 56 Am. Rep. 812; *McDonald* v. *People*, 9 Am. St. Rep. 559–570, note.)

The same may be said with reference to the district attorney's statement: "If the jurors of this county do not uphold the law, who will?" and then refers to defendant as an anarchist, gives his definition of an anarchist, and asks how long it will be before anarchists take possession of this country. Such statements were foreign to the case and tended to inflame the minds of the jury.

It was improper and prejudicial for the district attorney to make use of the statement of an opinion expressed upon the street by one who is later called as a witness, to the effect that this man believed that the crime with which defendant was accused was such that the county should be spared the expense of the trial. (*State* v. *Rodriguez*, 31 Nev. 342, and authorities, *supra*.)

It was also improper and prejudicial for the district attorney to state that the defendant sought the time and place and the opportunity to do what he did, when the evidence, on the contrary, was to the effect that the defendant was on his way to the cemetery.

The court's instruction to the jury not to consider as evidence statements and remarks made by counsel would not cure the evil done. It is an utter impossibility to remove impressions so acquired from the mind of the juror so as to enable him to give the defendant a fair trial.

It was error to admit statements made by defendant while in the custody of the officers without defendant being informed of his right, or told that any statement he might make might be used against him.

*Cleveland H. Baker*, Attorney-General, for Respondent:

The confession of defendant was not obtained by reason of oral threats of harm or by promises of benefit and was voluntary. The remarks of the district attorney were proper comment on the matters in evidence in the case. They were not prejudicial. The jury was properly instructed as to what was in evidence in the case and to disregard any statements made by any attorney in his argument. (*State* v. *Petty*, 32 Nev. 385; *State* v. *Zumbunson*, 7 Mo. App. 526, 86 Mo. 111; 1 Thompson on

Trials, 805; *State* v. *Comstock,* 20 Kan. 650; *Friemark* v. *Rounkrans,* 81 Wis. 359.)

The alleged improper remarks of the district attorney should have been objected to at the time. (1 Thompson on Trials, 799–800.)

The provisions of Rev. Laws, 7302, 7469, apply to this case.

By the Court, TALBOT, C. J.:

Defendant was convicted of the crime of murder in the first degree under an indictment charging him with the killing of John Gregovich by stabbing with a knife at Tonopah on the 14th day of May, 1912. Upon the trial the case was submitted to the jury upon the evidence introduced on the part of the state.

[1] Two errors are assigned as grounds for reversal of the judgment. It is contended that the court erred in admitting certain statements and admissions in the nature of a confession made by defendant to certain officers in Nye County shortly after the assault and while he was in custody. The proof shows that these statements were made voluntarily by the defendant, and without the use of force, threats, inducements, or promises, or hope of reward; but there is no showing that, previous to making such statements, the officers having defendant in custody informed him that, if he made any statements, they might be used against him. This assignment of error is without merit, as there is no statute in this state, as there is in a few states, forbidding the admission of a confession made by a defendant in custody, unless it appears that he was warned that what he should say might be used against him. Cyc. vol. 12, p. 463, treating this question, says: "The fact that a voluntary confession is made without the accused having been cautioned or warned that it might be used against him does not render it incompetent, unless a statute invalidates a confession made where the accused is not first cautioned. In Texas, by statute, a confession made by a prisoner while in custody is inadmissible, unless he was warned that what he

should say might be used against him; and there are similar provisions in other states. It is not the duty of a police officer, in the absence of a statute, to caution a prisoner as to the consequences of making a statement, if the statement is voluntary, but merely to refrain from inducing him to make a statement."

[2] If we had a statute providing that statements made by a person under arrest cannot be proven unless it is shown that they have been made after he has been warned that they may be used against him, still the admission of the testimony to prove the declarations of the defendant in regard to the knife would be error without prejudice, because without this testimony it is conclusively shown that the defendant killed the deceased with a knife. If there were nothing to indicate the commission of the offense, except circumstantial evidence which left a doubt, the question as to whether it was error to admit evidence that the defendant made admissions or said that he had the knife with which the deceased was killed, without first showing that he had been warned that any declarations he might make could be used against him, might be material, while it is not so in the face of the direct and undisputed evidence that the accused killed the deceased with a knife. The same may be said regarding evidence of other declarations. The Revised Laws provide at section 7302 that: "After hearing the appeal, the court shall give judgment without regard to technical error or defect which does not affect the substantial rights of the parties"; and at section 7469 that: "No judgment shall be set aside, or new trial granted, in any case on the ground of misdirection of the jury or the improper admission or rejection of evidence, or for error as to any matter or pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case, it shall appear that the error complained of has resulted in a miscarriage of justice, or has actually prejudiced the defendant, in respect to a substantial right." These provisions have been slightly modified or broadened

by the new code, but are substantially similar to the one passed at the first session of the territorial legislature and in force for more than fifty years; and they are nearly the same as the one more recently recommended by the American Bar Association.    (Stats. 1861, p. 499, sec. 589; Comp. Laws, 4554.)

This court has often applied this statute in murder and other cases, and refused to set aside convictions or remand actions for new trials for errors which did not affect the substantial rights of the acccused. (*State* v. *Williams*, 31 Nev. 360; *State* v. *Jackman*, 31 Nev. 511; *State* v. *Skinner*, 32 Nev. 70; *State* v. *Simpson*, 32 Nev. 138, Ann. Cas. 1912c, 115; *State* v. *Petty*, 32 Nev. 384, Ann. Cas. 1912c, 223; *State* v. *Martel*, 32 Nev. 395; *State* v. *Depoister*, 21 Nev. 107; *State* v. *Vaughan*, 22 Nev. 285; *State* v. *Hartley*, 22 Nev. 342, 28 L. R. A. 33; *S. N. M. Co.* v. *Holmes M. Co.*, 27 Nev. 108, 103 Am. St. Rep. 759; *State* v. *Smith*, 33 Nev. 459.)

In *State* v. *Buster*, 23 Nev. 348, it was held that the failure of the trial court to make the proper order striking out the testimony of a witness concerning a confession was harmless error, because the same confession was conclusively established by several other witnesses whose testimony was not contradicted.    As the evidence was clear and undisputed that Mircovich killed Gregovich by stabbing him with a knife, in the presence of numerous people, at the railroad station, the jury could not have found otherwise, regardless of whether testimony relating to a confession or statements concerning the knife were properly or improperly admitted.    The closing argument of the district attorney was an appeal to the jury to uphold the law and fix by their verdict the death penalty.    Upon the conclusion of this argument, exception was taken thereto by counsel for defendant.  No particular portion thereof was at the time pointed out as objectionable; nor was any request made that the court instruct the jury to disregard the same or any portion thereof.    The court, in the course of its instructions, admonished the jury as follows: "You should bear in mind that it is your duty to determine what the facts in this case are from the

evidence, and not from the statements of the judge, or from the statements made by any attorney during the progress of the case or in his argument."

The objectionable portions of the argument pointed out in the brief are as follows: "Why, gentlemen of the jury, if you cannot pronounce by your verdict the death penalty upon this defendant, I say, let's resurrect old Casey that killed Mrs. Hislop in Goldfield and let him live again. * * * There is another feature. You have the society of this country to uphold and maintain. If you can't do it, who will? If the jurors of this county cannot uphold the law, who will? If it is not guarded and protected and maintained, how long will it be before anarchists take possession of this country? What is an anarchist? He is worse than the black hand, because an anarchist does not believe in government or in law. That is the proposition you must consider. When old Tom was asked whether he advocated the swinging of this man without a trial, and if he did not go up and down the streets of Tonopah making such remarks, he said 'No,' but he thought that the crime was such that this county should have been saved the expense. There is no excuse in this county for mob law; as long as we have courts, as long as we have men of courage, as long as we have men of honest consciences who have the good of the community at heart, there is no necessity of mob law in this western country, and there is no necessity for it in any country. * * * We don't want it. We will not have it, gentlemen; but, if you don't enforce the law, I say that you cannot deter crime. You cannot keep these anarchists from coming into this country, killing our presidents, and killing honest, honorable men. Think of that! Oh, but he committed this crime while there were dozens of people around. When you go to your jury room to consider your verdict, gentlemen, that fact, and that fact alone, will show you that this man sought the time and the place and the opportunity to do what he did do. Wasn't McKinley killed in a crowd, and wasn't Garfield killed at a railroad station amidst a rush of

people? I say that he deliberately sought the time, the place, and the opportunity to do what he did."

[3] We do not think that the reference by the district attorney to "resurrecting poor old Casey" was beyond the bounds of legitimate argument to the jury. He did not state the facts in regard to the commission of the crime for which Casey had been hanged, and apparently made the remark more by matter of comparison, and evidently with the assumption that the members of the jury were already aware of the punishment suffered by Casey.

[4, 5] If the accusation by the prosecuting officer that the defendant was an anarchist had not been supported by evidence that the defendant had so stated himself, it might have been prejudicial error, as was the accusation by the district attorney in his argument before the jury in the case of State v. Rodriguez, 31 Nev. 345, that he was a "macque," when there was no evidence to support it. Prosecuting officers are not justified, in their zeal to convict, in accusing persons on trial charged with crime with being guilty of offenses against the statutory or moral law when there is no evidence to substantiate their assertions. Mere abuse or the application of vile epithets, unsupported, is not proper argument.

[6] The comment of the district attorney on, and in accordance with, the testimony given by a witness on the trial, who stated that he had not advocated on the streets of Tonopah the swinging of the accused, but he thought that the crime was such that the county should have been saved the expense, is not deemed reversible error, under the circumstances. Whether the witness thought that the expense should be saved by hanging the accused without a trial, or by dismissing the charge against him, is not made certain. If such testimony had been offered by the state, and objection made, it would have been properly excluded; but as it was brought out by cross-examination on the part of the defendant, apparently for the purpose of showing the feeling of the witness, it was not error for the district attorney to quote the testimony

after it had been elicited by the defendant, even if it be inferred from the language used by the witness that he favored the lynching of the accused. It is a different situation than it would be if such testimony had been introduced by the state, under the objection and exception of the defendant, and thereafter the district attorney had made the comment and the defendant had taken specific exception.

The judgment and order denying the motion for a new trial are affirmed, and the district court is directed to fix a time and make the proper order for having its sentence carried into effect by the warden of the state prison.

NORCROSS, J., concurring:

I concur in the judgment and in the opinion of the chief justice generally. The closing argument of the district attorney, to which serious objection has been urged upon the appeal, in some particulars I think is not to be commended. This argument was directed entirely to an appeal for the infliction of the death penalty. In view of the record in this case, however, I am of the opinion that the argument did not violate the substantial rights of the defendant.

McCARRAN, J., having become a member of the court after the argument and submission of the case, did not participate in the foregoing opinion.