MORROCO *v.* STATE.

In Banc. Dec. 13, 1948.

(37 So. (2d) 751)

Neill, Clark & Townsend, for appellant.

George H. Ethridge, Assistant Attorney General, for appellee.

**Smith, J.**

Appellant is of the Mexican race, as was the man whom he was charged with murdering. Indicted for murder of Masario Rangee in the Circuit Court of Sunflower County, he was convited of manslaughter and sentenced to the State penitentiary for the term of ten years.

On appeal, we find only one assignment of error worthy of consideration. On the trial, the State was preparing to prove by the sheriff that appellant made an oral and a written confession to him, whereupon appellant moved for a preliminary hearing to determine their competency, as evidence. This motion was granted, but only the State was permitted to introduce evidence. The defendant was limited to cross examination of the State's witness, the sheriff.

It is to be borne in mind that the appellant spoke only broken English, and that the purported written confession was based on the interpretation of what the appellant said, in response to questions propounded by the sheriff. He did not immediately write down the question or the answers, but made a summary later from memory, of what he understood the substance to be. However, he read this result to appellant, who seemed to understand, and said it was all right. When asked if the oral and written "confessions" coincided, the sheriff answered that they did not. Without the written confession, if it can be determined on the situation in the present record to be such, an acquittal would have probably been obtained by the appellant, since he was corroborated abundantly in his testimony of self-defense. The alleged confession, on the other hand, presented a case of murder and doubtless produced, or was the deciding factor, in producing the verdict of guilty.

When asked if appellant could understand English, the sheriff replied, "I don't know." He was then asked, "Do you *think* he understood what he was telling you?" (Italics supplied) And his answer was, "I do." With further reference to the understanding of English by appellant, he was asked, "You thought you understood what they said?" Answer, "Yes, sir, I am satisfied further than Tony and Jo both speak English." Question, "You don't know how much of it they understand?" Answer, "No, sir."

The appellant then offered himself and his American employer, a Mississippi planter, to prove that he did not understand, because he was unable to speak more than very little English. He desired to testify through an interpreter, a Mexican Vice Consul, then present at the court. The trial judge refused to permit defendant to offer any of this evidence to rebut and contradict the evidence offered by the State on this preliminary investigation, thereby basing the court's conclusion on only one side of an issue as to which the State had offered evidence, but as to which the defendant was denied the right to do so, on the theory that it "appears to be a matter of defense and possible argument to the jury, . . ." The court thereby imposed measurably an unfair burden on the defendant before the jury, as a factual matter only, whereas he should have preliminarily decided its lawful competency, after hearing both sides, and as to whether such controverted confession should reach the jury at all.

When the trial got under way, the district attorney suggested to the court that the appellant and other Mexican witnesses be permitted to testify through a Mexican interpreter. This was done, and appellant testified in Mexican, or Spanish, and was so interrogated. Such treatment was a fair one to appellant, and an expedient one for the State, since the interpreter translated both questions and answers to the jury. Yet, the court would not accord this privilege to appellant at the preliminary investigation, would not let him by evidence controvert

the proof and contention of the State,—by evidence of himself, through this same interpreter, and by the man who was his employer. The employer-witness was in a favored position to know appellant's ability both of comprehension of, and expression in, English.

It is a difficult decision to make on the merits of this precise controversy, without the evidence on both sides of it, and should not be attempted. On the one hand, care must be taken not to handicap prosecuting officials unduly, and on the other hand to avoid injustice to prisoners at the bar. Here, this difficulty, for the present at least, is mitigated because the error, we are considering, was the failure of the court to hear the appellant and his witness, and limiting the proof to the State's side alone. If the defendant's testimony had been heard, and a decision adverse to him rendered, we would have an entirely different question confronting us.

But, here, the court by-passed the question, which was at the threshold. Was this a lawful confession under the circumstances? That must first be determined. We are not dealing with a mere denial of the actual making of a confession as a matter of fact, but we are concerned with a matter of law. We are deciding only the issue as related to the particular course of the procedure in the case at bar. In this connection, People v. Gelabert, 39 Cal. 663, says this: "Some of the reasons given why extra-judicial confessions should be received with great caution are that there is *danger* of mistake from misapprehension of the witness, *the misuse of words,* the failure of the party *to express his own meaning,* the infirmity of memory. (1 Greenleaf Ev., Sec. 214, etc)."

With further refernce to confessions, we point out that there are two questions which the Court must decide on a preliminary investigation. The first of these; was there a confession; and, second, was it free and voluntary? The second question is not reached until the first is determined. If the alleged confessor did not sufficiently understand the language of the confession, there could

be no lawful confession, and the court should have heard the evidence of the appellant and his witness on this issue instead of refusing to do so. Likewise, the person to whom confession was allegedly made must be shown to have understood certainly and accurately as to what the confessor said.

We think the trial judge should have heard the evidence proffered by appellant, and determined this matter before relegating him to the jury, thereby imposing an extra and unfair burden on him. The State is there required to carry the burden of proving him guilty, by competent evidence, beyond a reasonable doubt. And the competency of evidence is solely the responsibility and power of the judge.

The judgment of the trial court is reversed, and the cause remanded, in view of our views above set out.

Reversed and remanded.