DOUGLAS v. STATE.

Division A. Oct. 1, 1951.

No. 37911 (54 So. (2d) 254)

Jno. H. Culkin and George Chaney, for appellant.

George H. Ethridge, Assistant Attorney General, for appellee.

**Lee, J.**

Newton Douglas was jointly indicted with another for the crime of robbery. His motion for a severance was granted. From a verdict of guilty and a sentence of ten years in the state penitentiary, he appeals.

J. W. Cross, the victim, and Louis Acuff, a joint indictee, who plead guilty and was used as a witness by the State, testified to the material facts of the crime. They were corroborated by other witnesses as to relevant circumstances immediately before and after the crime. The evidence amply justified a verdict of guilty.

The testimony of the appellant was in substantial agreement with the State's version, except for the circumstances at the very time of the alleged robbery. However, he denied that he struck the victim and took the money. It was his contention that, if a robbery occurred, Acuff committed it.

The admission of an alleged confession or statement against interest is the only error assigned and argued. It arose in this way; A witness for the State, Jimmy Evans, testified that on Sunday night, after 12 o'clock, before the commencement of this trial on Tuesday following, the appellant, while in an intoxicated condition, came into his store, and, in the course of a conversation, said that he knocked Cross in the head, took his money, and gave Acuff half of it. When this statement was offered, appellant objected, and the evidence was heard by the presiding judge in the absence of the jury.

Evans was not an officer. However, he testified that the statement was made freely and voluntarily. When the cross-examination was concluded, the judge inquired: "Do you want to offer any evidence on that?" The reply was: "I will have to talk to Newton (meaning

the defendant)." There was then further cross-examination of the witness, at the end of which, the court said: "You haven't got anything to offer in rebuttal or in reply to the State's testimony here as to this confession being free and voluntary?" To which counsel responded: "The defendant is able to present proof by the testimony of five or more disinterested witnesses that Newton Douglas was not, at any time Sunday night, at the store of this witness, Jimmy Evans, and this alleged confession being first made known to the defendant at this time, and not anticipating any such testimony, did not have any witnesses subpoenaed on that fact. The defendant requests of the court a sufficient time within which to procure the attendance of witnesses as aforesaid." The court directed the clerk to issue process for such witnesses as counsel requested, returnable instanter, overruled the objection, and proceeded with the trial.

At the conclusion of the State's case, appellant made a motion for a mistrial for the reason that the court refused to afford him an opportunity to rebut the testimony of Evans, and because of surprise. This motion was overruled, and the action of the court in so doing is assigned as error.

When Jimmy Evans testified, in the absence of the jury, that Douglas made the confession or admission in question, the sole remaining inquiry as to the admissibility of the statement was whether or not it was free and voluntary. Morroco v. State, 204 Miss. 498, 37 So. (2d) 751. The court gave the appellant the opportunity to present evidence on that issue. None was tendered. On the contrary, the appellant's representation was that he could present five or more disinterested persons to show that he was not at the store on that occasion. It was not suggested that those witnesses would testify that the statement was not voluntary. On the contrary, the effect would be to show that the appellant, not being present, did not make the state-

ment at all. Such evidence would have gone to the veracity of the witness, and not to the admissibility of the evidence. Appellant's failure to meet the issue cannot put the trial court in error.

In the case of Johnson v. State, 196 Miss. 402, 17 So. (2d) 446, 447, there was no specific complaint at any time that the confession was involuntary. The same situation obtains here. And yet in that case, this Court said:"* * * *While the court should determine, prior to permitting a confession to go to the jury, whether it was or was not voluntary, it is not error to admit the same in evidence, when it purports to have been made voluntarily, as against an objection that it was involuntary, without first hearing testimony to support the objection, in the absence of an offer on the part of the defendant to prove the involuntary nature of the confession* or of a request for a preliminary investigation of the matter. (Citing authorities.) * * *" (Emphasis ours.)

■■ Before the jury, the appellant introduced five relatives and one other witness to show his whereabouts on the Sunday night in question. Five of those witnesses accounted for him from 7:30 until 9:30 o'clock in the evening, but only he and his wife testified that he was at home thereafter. Appellant, in his brief, concedes that those were the witnesses whom he desired at the time that the admissibility of the statement was being considered. The names of such witnesses do not appear in the record as of that time, nor does it appear that the court was definitely apprised thereof. There was no formal motion for a continuance or postponement, as required by Section 1520, Code of 1942. Besides, none of those witnesses testified to any fact which showed, or tended to show, that the confession or statement was involuntary.

■■ On the question of surprise, as justification for delay, the court did not abuse its discretion. Several witnesses, who testified prior to Jimmy Evans, placed him with the parties earlier in the evening. It was not

shown that he was not subpoenaed, or that he was a surprise witness, or that he had been interviewed and had failed to disclose that such statement had been made to him. With proper diligence, there should have been no element of surprise on account of his evidence. Coward v. State, 158 Miss. 705, 131 So. 254, 257; Cox v. State, 138 Miss. 370, 103 So. 129.

Affirmed.