# REPORTS OF CASES

DETERMINED IN THE

# SUPREME COURT,

## APRIL TERM, 1876.

[No. 10,200.]

### Ex Parte ROSENBLAT.

ARREST OF FUGITIVE FROM JUSTICE.—Although, under the Constitution of the United States and the Act of Congress, a State is only bound to surrender a fugitive from justice for whom a requisition has been issued by the Governor of a sister State, yet the Legislature, upon principles of comity, may provide for the arrest and detention of such fugitive before the requisition has arrived, and may accompany the act for the arrest by as many conditions (favorable to the alleged fugitive) as to his mode of arrest and examination as it may see fit, and such act must be strictly complied with.

IDEM.—Reading section 1550, in connection with 861 of the Penal Code, it would seem that when a person is arrested, charged with the commission of a crime in another State, before a demand for his surrender has been made by the Governor of the other State, he is entitled to his discharge if, after his examination has commenced, it is postponed against his consent for a longer period than that mentioned in section 861.

ARREST OF A PERSON ON BOTH CRIMINAL AND CIVIL PROCESS.—An officer, armed with process for the arrest of a person in a civil suit, cannot take the defendant from the hands of another officer who holds him on a warrant issued in a criminal case ; nor can he hold such person as against one armed with a criminal warrant ; and the same rule applies to a proceeding under a requisition from the Governor of another State asking for his return as a fugitive from justice.

On the 20th of January, 1876, Rosenblat was arrested in San Francisco by the chief of police on a warrant issued by the judge of the Police Court, charging him with being a fugitive from justice, and with having fled from the City and State of New York, where he had committed the crime of obtaining money under false pretenses. The judge continued the hearing of the case from time to time until the 29th of January. In the meantime, on the 25th of January, A. Fleishacker commenced a civil suit against Rosenblat to recover $5000, due him on a promissory note, and alleged that Rosenblat had disposed of his property to defraud his creditors, and was about to depart from the State, and obtained from the judge of the Twelfth District Court an order for his arrest. The sheriff attempted to serve the order, but the chief of police refused to surrender the prisoner. On the 28th of January, the Governor of this State issued a warrant for the extradition of Rosenblat on a requisition of the Governor of New York. On the same day Fleishacker applied to the Supreme Court for, and obtained, a writ of habeas corpus for the discharge of Rosenblat, and in his application alleged that Rosenblat's detention by the chief of police was illegal, because more than six days had expired since his arrest and he had not had an examination ; and that his detention was also illegal because the sheriff was entitled to his custody by virtue of the order of arrest in the civil suit, and that the chief of police was about to deliver him to the person who was authorized to carry him out of the State. The statute of California for the arrest of fugitives from justice provides that a person accused of treason, felony, or other crime, who has fled from justice and is found in this State, must, on demand of the executive authority of the State from which he fled, be delivered up by the Governor of this State to be removed to the State having jurisdiction of the offense. It then further provides that a magistrate may issue a warrant for the arrest of the alleged fugitive, and that, if it appears on examination, that the accused has committed the crime alleged, the magistrate must commit him for such time as he may deem reasonable to enable him to be arrested under the warrant of

the Executive of this State on a requisition of the Executive of the State in which the offense was committed, unless he give bail. It is further provided in section 861 of the Penal Code, under the general head of examination of defendants and holding them to answer, that the postponement of an examination cannot be for more than two days at a time, nor for more than six days in all, unless by consent or on motion of the defendant. When Rosenblat was arrested, the requisition of the Governor of New York had not arrived. The act concerning fugitives from justice (Penal Code, section 1550) provides that the proceedings for the arrest and commitment of fugitives are in all respects similar to those contained in the code for the arrest and commitment of persons charged with offenses committed in this State. The latter act permits magistrates to issue warrants for the arrest of fugitives before a requisition has arrived upon affidavit that a crime has been committed.

*Alexander Campbell*, for the Petitioner.

*D. J. Murphy*, against the discharge.

By the Court, McKINSTRY, J.:

Under the Constitution of the United States and the act of Congress, a State is bound to surrender a fugitive for whom a proper requisition has been issued by the Governor of the sister State. The act of the Legislature was passed as auxiliary to the proceedings under the Constitution and act of Congress, but is based solely on principles of comity; and the Legislature had power to affix as many conditions as to the mode in which the preliminary arrest and examination should be conducted as the Legislature deemed proper.

We are inclined to the belief that a person thus arrested, with a view to his being surrendered on requisition expected to arrive, is entitled to his discharge if his examination is not brought on before the magistrate within six days. The act of the Legislature which authorizes such preliminary arrest should be strictly complied with, but we do not think it necessary to decide that question in the present case.

This is not a case in which writs have been issued both from a State court and a United States court, where the officer of the State or Federal court, as the case may be, first serving the writ is entitled to retain possession of the body.

We think, reference being had to the obligation imposed by the Constitution of the United States, that the same rule is applicable to a proceeding under a requisition from the Governor of another State as applies when the question is between a criminal proceeding initiated in this State and a civil action.  In such case the interest of the private suitor who has caused a defendant to be arrested must yield to the paramount interest of the people of the State.

Ordered that H. H. Ellis, chief of police of the city and county of San Francisco, State of California, be, and he is hereby authorized to serve the warrant of arrest issued by the Governor of the State of California, upon the requisition of the Governor of the State of New York, for the surrender and delivery of Rosenblat, and to deliver said Rosenblat to Richard O'Connor, agent of the State of New York ; and the sheriff of said city and county is hereby authorized and directed to surrender and deliver the body of said Samson Rosenblat into the custody of said H. H. Ellis, chief of police as aforesaid, for the purposes aforesaid.