## Petition of Horace W. Harriott for a Writ of *Habeas Corpus*.

Civil process cannot be served by arrest on one who is already imprisoned under a sentence of the law.

The mere fact that civil process has issued in this State is no reason why one arrested on executive warrant should not be surrendered for extradition.

A convict was imprisoned in jail under a sentence expiring March 27. He was entered in the jail books March 26 as arrested on civil process and as committed for want of bail. May 12 he gave a bail bond and claimed his discharge. March 27, after the expiration of his sentence, he was arrested at the jail on an executive warrant for extradition to the State of New York, pursuant to a requisition from the governor of that State.

On petition for *Habeas Corpus:*

*Held,* that the arrest on civil process was void and that the petitioner was properly held on the executive warrant for extradition.

*September* 28, 1892. STINESS, J. From this petition for *habeas corpus,* together with the facts agreed to at the hearing, it appears that in September, 1891, the petitioner was imprisoned in the Providence county jail, under sentence for a criminal offence, expiring March 27, 1892. The governor, upon the requisition of the governor of the State of New York, issued his warrant, March 26, 1892, for the apprehension of the petitioner and his delivery to the agent of the State of New York. On March 27, 1892, after the expiration of his sentence, the petitioner was apprehended on said warrant by a deputy sheriff at the jail, who states in his return that he there remained with him until the 30th day of March, 1892, when he committed him to said jail for safe keeping by reason of the refusal of the keeper thereof to surrender him.

This refusal was based upon the fact that on March 26, 1892, the prisoner was entered on the jail book as arrested on a civil writ and committed to said jail for want of bail on said writ. May 12, 1892, the petitioner gave a bail bond in the civil action and thereupon claimed to be entitled to a discharge from said jail. His contention is that the return of the sheriff shows a service of the writ upon him by arrest and commitment; that in this way this State has jurisdiction of him in the civil suit; that he cannot be extradited until the law and justice of this State are first satisfied; that consequently the warrant of the governor could not be served upon him and, having given bail in the civil action, he is now entitled to be discharged.

There is a difference of decision whether one in custody on civil process can be surrendered on an executive warrant. In *Ex parte Rosenblat,* 51 Cal. 285, it was held that the

interest of the private suitor must yield to the paramount interest of the public. In *Troutman's case*, 24 N. J. Law, 634, and in *The Matter of Briscoe*, 51 How. Pr. 422, it was held that the prisoner cannot be extradited until the justice of the State which holds him has first been satisfied. In both these latter cases the prisoner was in actual confinement on the civil process alone, before the issue of the executive warrant. Passing, however, the question of the right of precedence of criminal over civil process, we come to the question in this case, whether the petitioner was in custody at all on civil process when the executive warrant was served upon him; in other words, whether there was any arrest on the writ.

It is claimed for the petitioner that his confinement under a sentence did not prevent his arrest on civil process. In Chitty on Criminal Law, *812, it is stated that, in general, the sentence of the law will be no protection to the convict against a civil action, but he can only be charged therein by leave of the court under whose order he is held. The custody cannot be changed and a court cannot order a prisoner, in any other custody than its own, to be brought up by *habeas corpus ad respondendum* to be charged with bailable process. If one is in other confinement he cannot be sued otherwise than by issuing process and entering continuances on the roll, in order to prevent the operation of the statute of limitations. The *Case of Macdonald*, Foster's Crown Law, 61, was a case where leave to charge a person under sentence of death had been specially granted. So in *Ramsden* v. *Macdonald*, 1 Wils. 217, which is the same case.

In *Coppin* v. *Gunner*, 2 Ld. Raym. 1572, and *Coffin* v. *Gunner*, 2 Strange, 873, the same case, the proceeding was for the purpose of allowing the plaintiff to file common bail for the convict, in order to reach his estate, without any effect upon the custody.

In *Keach's* case, Salk. 351, it was held that a prisoner could not be brought from commitment in admiralty to be charged in a civil suit and that he was not chargeable in the prison of the admiralty.

In *Brandon* v. *Davis*, 9 East, 154, Lord Ellenborough

held that a prisoner in the House of Correction could not be brought on a *habeas corpus ad respondendum* to be charged with a declaration on a bailable writ, but the plaintiff might sue out his writ and enter continuances.

The English cases fall far short of establishing the rule contended for by the petitioner as applicable to this case. For one in confinement to be charged at all with civil process required the intervention of a court, or judge in vacation, upon *habeas corpus;* and the cases in which it was allowed indicate that it was for the purpose, chiefly if not solely, of entering common, or nominal, bail, which could be done by the plaintiff and which stood for an appearance in the action by the defendant.

In this country we find but two cases that bear directly upon this question. *Williams* v. *Bacon*, 10 Wend. 636, and *Ex parte Rosenblat*, 51 Cal. 285. In the former case it was held that writs of arrest could be served on one who had been taken to New York as a fugitive from justice and was in the custody of the sheriff. Presumably the writs were served by the sheriff himself upon the prisoner in his own custody as additional causes of detention. In the latter case it was held that an officer armed with civil process of arrest could not take the defendant from the custody of another who held him on an executive warrant. The cases are not necessarily antagonistic; but if they are assumed to be, we think the latter case stands upon the better reason.

Arrest implies the custody or control of the person arrested. If an officer cannot get such custody or control he cannot make an arrest. If one is imprisoned under a sentence of the law no officer can take him from such imprisonment on civil process. In this case, the petitioner, on March 26, 1892, was in the jail serving a sentence. The keeper of the jail in Providence county, an independent officer, was responsible for his custody and could not lawfully surrender him to the sheriff. How then can the sheriff claim to have arrested the petitioner? He could not take him from the keeper and it is not claimed that the keeper surrendered him.

By Pub. Stat. R. I. cap. 202, § 6, the liability of the com-

mitting officer ceases and that of the keeper begins immediately upon the entering and signing of the commitment by the officer in the book of the jail kept for that purpose; and Pub. Stat. R. I. cap. 207, § 9, provides for the bail of persons committed to jail by virtue of an arrest.

The commitment therefore must be by virtue of a previous arrest, and the mere entry of a commitment on the jail book is not enough to constitute an arrest. We think there was no arrest on the civil process in this case and if not, there was nothing to prevent the service of the executive warrant on the petitioner.

The mere fact that civil process had issued in this State against the person named in such warrant is no ground for holding that he cannot be surrendered. The decision in *Williams* v. *Bacon*, even, requires an actual confinement on civil process prior to the executive warrant.

We think it appears that the petitioner was properly held upon the executive warrant and that the petition must be dismissed.

*Petition dismissed.*