[No. 1443.]

Ex PARTE AH KEE, ET AL., PETITIONERS ON HABEAS CORPUS.

1—HABEAS CORPUS—POWER OF THE DISTRICT JUDGE ON, AT PRELIMINARY EXAMINATION.—When an accused person is held by a judge for examination before him, under the provisions of the *habeas corpus* act, he is invested with such powers only as are conferred on other magistrates in matters of preliminary examinations.

2—PRELIMINARY EXAMINATION, ACCUSED ENTITLED TO PROMPT.—A person accused of and arrested for crime is entitled to prompt examination by both the spirit and letter of our statutes. (Gen. Stats., secs. 4001, 4002, 4029, 4031, 4032), and the examination should not be delayed to suit the convenience, etc., of officers.

3—SAME—DEFENDANT CHARGED WITH CRIME ENTITLED TO IMMEDIATE EXAMINATION, AND IF ADJOURNED FOR MORE THAN SIX DAYS IN ALL HE MUST BE DISCHARGED.—A defendant taken before a magistrate upon arrest is entitled to an immediate examination after appearance of counsel, if counsel be required. If an adjournment be had even for good cause, it cannot be for more than two days at a time, nor more than six days in all, without consent of the defendant, and if adjourned for a longer time, the defendant is entitled to be discharged.

ORIGINAL application on petition for writ of *habeas corpus*.

The facts sufficiently appear in the opinion.

Argued orally.

*David S. Truman,* for Petitioners.

*Robt. M. Beatty,* Attorney-General, against. (Cited Gen. Stats., secs. 3691–2.)

By the Court, BONNIFIELD, J.:

On application of the petitioners, duly made, a writ of *habeas corpus* was duly issued and directed to D. J. Hadley, sheriff of Humboldt county, and made returnable before this court. On the return of the writ, the following facts, substantially, are disclosed, to wit: Upon the preliminary examination of the petitioners, charged with committing the the crime of grand larceny, a justice of the peace of Humboldt county ordered that they be held to answer, and they were committed to the custody of the sheriff. Subsequently, the petitioners were taken before Hon. A. E. Cheney, district judge of the district court of the second judicial district in and for Humboldt county, in obedience to the commands of a writ of *habeas corpus* issued by him.

Upon the hearing of the matter on the 18th day of June, 1895, the judge held that the warrant of commitment was wholly insufficient to authorize their detention by the sheriff. It appearing to the judge that the petitioners are guilty of a criminal offense, he committed them to the custody of the sheriff for examination before him, and set the 15th day of July, 1895, for such examination. The petitioners then and there, by their attorney, objected to the adjournment of the examination to such late day, and on the next day (the 19th day of June) applied for the modification of the order, fixing July 15th for the examination, so that it might be proceeded with on the 22d day of June. The application was denied, on the ground that the judge had prior official engagements. The petitioners objected, and excepted to the ruling denying their request. The petitioners are now held and detained by the sheriff under the order of the judge committing them for examination before him, to be held on the 15th day of July.

Is their detention illegal? We are of the opinion that it is, and that they must be discharged from custody.

When an accused person is held by a judge for examination before him under the provisions of the *habeas corpus* act, he is invested with such powers only as are conferred on other magistrates in matters of preliminary examinations. A person accused of and arrested for crime is entitled to prompt examination by the spirit and letter of the General Statutes, as will appear from the several provisions. The

defendant must in all cases be taken before the magistrate, without unnecessary delay by the arresting officer (section 4002). If the magistrate who issued the warrant of arrest be absent or unable to act, the defendant may (must) be taken before the nearest or most accessible magistrate in the same county (section 4001). When the defendant is taken before the magistrate upon an arrest, he shall be immediately informed of the charge against him, and his right to the aid of counsel (section 4029). The magistrate shall immediately after the appearance of counsel, if counsel be required, or after waiting a reasonable time for counsel, proceed to examine the case (section 4031). The examination must be completed at one session, unless it be adjourned for good cause shown. The adjournment cannot be for more than two days at each time, nor more than six days in all, unless by consent or motion of the defendant (section 4032). A prisoner's rights are to be considered and respected. He is not presumed to be guilty because he is under arrest. The presumptions are the other way. The examination should not be delayed to suit the convenience or personal accommodation of the officers of the law. (Church *Hab. Corp.*, 2d ed., sec. 242; *In re Peoples,* 47 Mich. 626.)

In the case under consideration, the petitioners could have been examined before any justice of the peace in Humboldt county when the judge was unable to proceed with the examination on account of other official duties. The petitioners being held in custody of the sheriff for examination since the 18th day of June, and no examination having been had, and their examination having been adjourned for more than six days, without their consent, their restraint is illegal, and they are entitled to their discharge from the custody of the sheriff of Humboldt county, and such discharge is hereby ordered.