[No. 2405]

## IN THE MATTER OF THE APPLICATION OF IDA MAY McGEE FOR A WRIT OF HABEAS CORPUS.

[189 Pac. 622]

1. CRIMINAL LAW—DISTRICT COURT HAS JURISDICTION TO TRY CHARGE OF HAVING INTOXICANTS IN POSSESSION.

    In view of Rev. Laws, 4851, district court had jurisdiction to try petitioner charged with misdemeanor of having in her possession intoxicating liquor in violation of the prohibition statute, section 3 whereof provides· for fine of $100 to $1,000 and imprisonment in county jail for from two to twelve months.

2. CONSTITUTIONAL LAW — INTOXICATING LIQUORS — PROHIBITION STATUTE NOT DENIAL OF EQUAL PROTECTION OF LAWS.

    Prohibition statute *held* not violative of Const. U. S. Amend. 14, sec. 1, as denying equal protection of law to all persons; test being whether all persons similarly situated are affected alike in respect to privileges and liabilities.

3. CRIMINAL LAW — CONTINUANCE OF PRELIMINARY EXAMINATION DID NOT DEPRIVE JUSTICE OF JURISDICTION.

    Continuance from June 21 to July 3 of preliminary examination on charge of having in possession intoxicating liquor in violation of the prohibition statute *held* not to have deprived justice of jurisdiction.

ORIGINAL PROCEEDING.   In the matter of the application of Ida May McGee for a writ of habeas corpus. From an adverse judgment and order, petitioner appeals. **Affirmed, and petitioner remanded to custody.**

*Wm. McKnight,* for Appellant:

The district court of Lander County has no jurisdiction to proceed with the trial of defendant, for the reason that the offense charged, if it be an offense, is but a misdemeanor, the district court having no jurisdiction in misdemeanor cases.   Moore v. Orr, 30 Nev. 458; Ex Parte Zwissig, 42 Nev. 360; Ex Parte Ming, ·42 Nev. 472.

There can be no concurrent jurisdiction in criminal cases between the district court and the justice court. A statute attempting to confer such jurisdiction is inconsistent with the constitution.   State v. Myers, 11 Mont. 365; Moore v. Orr, supra.

Section 28 of the statute (Stats. 1919, p. 12), under which the election by the district attorney to hold the preliminary examination was made, is violative of the fourteenth amendment to the constitution of the United States, which guarantees to individuals equal protection of the laws, in that several persons committing the same offense, or alleged offense, may be subjected to different penalties. "In the administration of criminal justice no different or higher punishment should be imposed upon one than such as is prescribed to all for like offenses." Barbier v. Connelly, 113 U. S. 27; Moore v. State, 159 U. S. 673; 12 C. J., secs. 954, 955. "The vice of this statute is that the character or nature of the offense committed is not the basis upon which the extent of the punishment is fixed." In Re Mallon, 16 Idaho, 737; Yick Wo v. Hopkins, 118 U. S. 356; Henderson v. Mayor, 92 U. S. 259; Chy Lung v. Freeman, 92 U. S. 275; Ex Parte Virginia, 100 U. S. 339; Neal v. Delaware, 103 U. S. 370; Soon Hing v. Crowley, 113 U. S. 703.

The justice of the peace had no authority under the law to hold the preliminary examination, as the hearing had been adjourned or continued beyond the time allowed by statute, without the consent and over the objections of defendant. Rev. Laws, 6973; Ex Parte Ah Kee, 22 Nev. 374. "A preliminary examination is not an action. The determination thereof is not a final judgment. The proceeding is not according to the course of the common law; it is purely statutory, and compliance with the statute is requisite to jurisdiction at every step." State v. Huegin, 110 Wis. 189.

*Leonard B. Fowler*, Attorney-General, and *Robert Richards*, Deputy Attorney-General, for Respondent:

The sections of the prohibition law attacked do not contravene either the constitution or the statutes regulating jurisdiction of the district and justice courts. "The district courts * * * shall have original

jurisdiction in  *  *  *  all criminal cases not otherwise provided by law." Const. Nev., sec. 6, art. 4. " * * * Justice courts may have such criminal jurisdiction as may be prescribed by law." Const. Nev., sec. 8, art. 4. The prohibition statute simply gives both courts concurrent jurisdiction. 12 Cyc. 100; 16 C. J. 150, sec. 173; Ex Parte Dolan, 60 Pac. 1094; State v. Brooks, 7 Pac. 951; State v. Kabe, 1 N. W. 1054; Wieden v. State, 124 N. W. 509.

The examination has been had and the defendant bound over, and it is now sought to invoke the remedy of habeas corpus, standing upon the statute alone, without any intimation of prejudice to the petitioner's rights. This is not the law. State v. Foster, 105 N. W. 938. "We do not think the postponement of the preliminary examination beyond six days, whether erroneous or not, affected the jurisdiction." People v. Van Horn, 119 Cal. 323.

Errors, other than jurisdictional, cannot be reached in the manner sought by petitioner. Her remedy is by appeal in the main case. People v. Boren, 78 Pac. 899.

By the Court, COLEMAN, C. J.:

This is a proceeding in habeas corpus.

A complaint was filed in the justice court at Battle Mountain, charging petitioner with having in her possession intoxicating liquor, in violation of our prohibition statute (Stats. 1919, p. 1). Pursuant to the provision of the statute, the district attorney elected to have the justice of the peace hold a preliminary examination, to determine if there was such probable cause as would justify the certifying of the case to the district court for trial. The matter was, upon stipulation, set for hearing before the justice on June 24, 1919. On June 21, 1919, the district attorney of Lander County, without giving any reason therefor, requested the justice of the peace to continue such preliminary hearing until July 3, 1919; and, notwithstanding the objection

and protest of the petitioner, the justice entered an order continuing such hearing until July 3, 1919. The order of continuance reads:

"Hearing of case postponed, on application of A. J. Maestretti, district attorney, to July 3, 1919, at 3 o'clock p. m."

It further appears that, when the matter was called for hearing on July 3, 1919, petitioner objected to the justice holding a preliminary hearing, upon two grounds: First, because of the unauthorized continuance of July 3; and, second, because the district court had no jurisdiction of the offense charged in the complaint, for the reason that it was a misdemeanor, and that justices of the peace have exclusive jurisdiction of misdemeanors—but that, notwithstanding such objection, said justice proceeded with such preliminary hearing, and held petitioner to answer to the district court.

The second contention of counsel for petitioner is based upon the holding of this court in Moore v. Orr, 30 Nev. 458, 98 Pac. 398, to the effect that the district court did not have jurisdiction to try Moore for the misdemeanor charged in the indictment presented against him.

We do not think the case mentioned is controlling in the proceeding before us. By investigation it will be seen that the statute under which Moore was being prosecuted made certain acts a misdemeanor, and provided for imposing a fine of not to exceed $200 upon any person convicted of violating the statute. It will be seen that the court, in determining the jurisdiction of the justice court, quoted section 2531, Cutting's Compiled Laws, which was then in effect, which is now section 4851, Revised Laws, 1912. It reads as follows:

"Justice courts shall also have jurisdiction of the following public offenses, committed within the respective counties in which courts are established: First, petit larceny; second, assault and battery, not charged

to have been committed upon a public officer in the discharge of his duties, or with intent to kill; third, breaches of the peace, riots, affrays, committing a wilful injury to property, and all misdemeanors punishable by fine not exceeding five hundred dollars, or imprisonment not exceeding six months, or by both such fine and imprisonment."

The court then says:

"The offense charged in the indictment is a misdemeanor, and the penalty imposed brings it within the original jurisdiction of the justice court."

Such is not the situation in the case before us. The statute under which petitioner was prosecuted is special in its nature, and a violation of it does not constitute either of the offenses specifically mentioned in section 4851, Revised Laws, nor offenses punishable by fine "not exceeding five hundred dollars, or imprisonment not exceeding six months, or by both such fine and imprisonment," as contemplated by the general clause of said section.

1. By section 3 of the prohibition act it is provided that a person violating the same shall be deemed guilty of a misdemeanor for the first offense (as charged against petitioner), and upon conviction shall be fined not less than $100 nor more than $1,000, and imprisoned in the county jail not less than two nor more than twelve months. It will be readily seen, while petitioner is charged with a misdemeanor, the penalty which may be inflicted under the act under which she is being prosecuted may be greatly in excess of any that may be imposed under section 4581, Revised Laws; hence it follows that the district court has jurisdiction.

2. There is nothing in the contention in this case that the statute in question is in violation of section 1 of the fourteenth amendment to the constitution of the United States, in that it denies equal protection of the law to all persons. In determining this point, the test is whether or not all persons similarly situated are

affected alike in respect to the privileges conferred and the liabilities imposed. 12 C. J. 1145; 16 C. J. 1352, 1353. This court, in considering the question in Russell v. Esmeralda County, 32 Nev. 304, 107 Pac. 890, says:

"The law operates alike on all persons similarly situated, and hence it cannot be said to deny to any citizen the equal protection of the law or abridge the privileges or immunities thereof within the purview of this section of the constitution."

So far as the act itself is concerned, it contemplates that all persons similarly situated shall be treated alike under its provisions. This is all that the constitutional provision requires. It may be that under the terms of the act one man may be fined $50, another $200, and another $500, when the facts and circumstances are identical; but that is not the fault of the law, but of its administration. The same thing might happen in any misdemeanor case triable before a justice of the peace.

The contention that the justice of the peace lost jurisdiction to proceed in the matter when he made the order of June 21 continuing the hearing of the case to July 3 is based upon section 6973, Revised Laws, 1912, which reads:

"The examination must be completed in one session, unless the magistrate, for good cause shown, adjourns it. The adjournment cannot be for more than two days at a time, nor for more than six days in all, unless by consent or on motion of the defendant."

In this connection, our attention is directed to the language of this court found in Ex Parte Ah Kee, 22 Nev. 374, 40 Pac. 879. In that case the hearing was postponed for twenty-seven days, during which period the writ of habeas corpus was procured. Such are not the facts in this case. Had petitioner applied for this writ prior to the date to which the preliminary hearing was continued, that case would be in point and controlling. The rule which we must adopt is that stated in

People v. Van Horn, 119 Cal. 323, 51 Pac. 538, where the court had under consideration the identical question here presented.  In that case the court said:

"We do not think that a postponement of the preliminary examination beyond six days, whether erroneous or not, affected the jurisdiction.  If the postponement worked appellants any legal wrong, such wrong consisted in their temporary illegal confinement by the officer who had them in custody, for which, if not lawful, there would have been a remedy at the time."

3.   The view thus expressed is adhered to in People v. Boren, 139 Cal. 210, 72 Pac. 899.  See, also, State v. Foster, 14 N. D. 561, 105 N. W. 938; 16 C. J. 322. There are no authorities which take the contrary view, and we feel justified in adopting the rule which we have stated.

The judgment and order appealed from must be affirmed, and the petitioner remanded to the custody of the officer.

It is so ordered.