## THE STATE OF NEVADA, Respondent, *v.* RALPH ROLLINGS, Appellant.

No. 3180

June 4, 1937.

68 P. (2d) 907.

*A. A. Hinman,* for Appellant:

*Gray Mashburn,* Attorney-General; *W. T. Mathews* and *W. Howard Gray,* Deputy Attorneys-General; *Roger Foley,* District Attorney, and *A. S. Henderson,* Deputy District Attorney, for the State:

## OPINION

By the Court, DUCKER, J.:

Appellant was convicted of an assault with a deadly weapon with intent to inflict bodily injury. He will be hereinafter referred to as the defendant.

On his arraignment he presented what are designated "pleas in abatement." The state objected to the filing of these pleas, two in number, upon the grounds that they were not authorized by law and did not state sufficient facts to constitute pleas in abatement, and moved to strike the same. The court rendered a decision rejecting the pleas, stating therein that they were not countenanced within the laws of this state and were not within the provisions of our practice.

At the trial defendant was sworn as a witness and offered to prove the allegations in the pleas by his own testimony and the magistrates record of his preliminary examination. The offer was denied by the court. Defendant moved in arrest of judgment and for a new trial, and offered on each motion the record of the proceedings of the preliminary examination. These motions and offers were denied. The pleas, which are in writing, state in substance that defendant's preliminary examination upon a charge of assault with intent to kill, for which he was held to answer, was not heard within the time required by law, and that he was refused counsel of his own choice at such examination. In connection therewith it appears from these pleas that defendant was brought before the committing magistrate on said charge on the 18th day of August 1936, at which time and place Louis Cohen, an attorney at law, appeared as his attorney, and the time for defendant's preliminary examination was set for the 21st day of August 1936, at 10 a. m. On said 18th day of August, defendant and said attorney entered into an agreement for the latter to represent him as his attorney at the preliminary examination. On the 19th day of August 1936, defendant discharged said Louis Cohen as his attorney. When the preliminary examination came on for hearing on the said 21st day of August 1936, said Louis Cohen attempted to appear for defendant, whereupon the latter stated to the magistrate that he did not want Cohen for his attorney, but the magistrate continued to recognize Cohen as defendant's attorney, and upon motion of the attorney, but without the consent of defendant, the preliminary examination was continued to August 24, 1936, at 2 o'clock p. m.

At the preliminary examination on the latter date, Cohen again attempted to appear for defendant, who again stated to the court that he did not want Cohen for his attorney, whereupon the court told defendant that he could not discharge the attorney without paying

him, or without just cause or reason. The defendant then told the court that Cohen was trying to beat him out of what little money he had, but notwithstanding, the court continued to recognize Cohen as defendant's attorney, and upon the latter's motion, but without the consent of defendant, continued the preliminary examination until the 27th day of August at 4 o'clock p. m. When the preliminary examination came on for hearing at that time, Cohen again attempted to appear as defendant's attorney, whereupon the defendant moved that A. A. Hinman, an attorney at law, be substituted of record as his attorney in the action. Thereupon, upon motion of Cohen, but without defendant's consent, the court continued the preliminary hearing and motion to substitute until the 28th day of August 1936, at 2 o'clock p. m. On that date, said Cohen again attempted to appear as defendant's attorney. On motion of the state, but without defendant's consent, the preliminary examination and motion to substitute was continued by the court until the 31st day of August 1936. When the preliminary examination came on for hearing on the latter date, the court denied defendant's motion, and on its own motion granted the defendant leave to be represented by another attorney. Whereupon, upon request of defendant, said A. A. Hinman was entered as attorney of record for the defendant in the action, and the preliminary examination was continued to the 9th of September 1936, at 3 o'clock p. m., at which time defendant was represented by said Hinman as his attorney, who moved for a dismissal of the complaint upon the ground that the preliminary examination was not completed in six days from the time of arrest or arraignment, and that the delay was not caused by the consent or on the motion of the defendant. The motion was denied by the court and exception allowed, and leave granted to cross-examine witnesses without a waiver of his legal rights. The hearing was then continued to the 14th day of September 1936, at 3 o'clock p. m., for

the reading of the transcript of the testimony of said witnesses. On the 14th and 15th of September the reading of the testimony was concluded, and the defendant was held to answer the charge.

The defendant assigns as error the action of the court in rejecting his pleas in abatement and argues that it was so, first, because the committing magistrate continued the preliminary examination beyond the statutory time; and, second, because he was refused counsel of his own choosing thereat. On the other hand, the state insists that there was no error in the ruling of the court rejecting these pleas, first, because such a plea has no place in our practice; and, second, because if warranted by law neither of the pleas states facts sufficient to constitute a ground for setting aside the information. The state further insists that if there was error, it was nonprejudicial.

■ Assuming, without deciding, that the common-law plea in abatement has not been abolished in this state, we hold that the first branch of defendant's contention under the assignment is not maintainable. It is based on section 10771 N. C. L., which reads: "The examination must be completed in one session, unless the magistrate for good cause shown, adjourns it. The adjournment cannot be for more than two days at a time, nor for more than six days in all, unless by consent or on motion of the defendant."

The question is foreclosed by our decision in Ex Parte McGee, 44 Nev. 23, 189 P. 622, in which we held that a continuance of a preliminary examination from June 21 to July 3 did not deprive the magistrate of jurisdiction. In that case we adopted the ruling in People v. Van Horn, 119 Cal. 323, 51 P. 538, 539, quoting from it as follows: "We do not think that a postponement of the preliminary examination beyond six days, whether erroneous or not, affected the jurisdiction. If the postponement worked appellants any legal wrong, such wrong consisted in their temporary illegal confinement

by the officer who had them in custody, for which, if not lawful, there would have been a remedy at the time."

The California Penal Code, sec. 861, claimed in the foregoing case to have been violated, is almost literally the same as said section 10771 N. C. L. Defendant seeks to distinguish Ex Parte McGee, but there is no material difference. The fact that the adjournments in the instant case were in the aggregate somewhat longer than the time in the former is of no importance. The action of the magistrate may have been erroneous, but even if so, an examination of the record reveals that it did not prejudice the defendant in respect to a substantial right. Such an error must be disregarded. Sections 11100 N. C. L., 11266 N. C. L.; State v. Mircovich, 35 Nev. 485, 130 P. 765; State v. Foster, 14 N. D. 561, 105 N. W. 938.

■ The assignment as to the other branch of defendant's contention, namely, refusal by the magistrate to permit him to have counsel of his own choosing, if error at all, falls into the category of harmless error. No absolute refusal of such permission appears from the matter set forth in the pleas. It appears therefrom that Cohen was the attorney of his choice when he was brought before the committing magistrate on August 18; that on the next day on account of differences as to the amount of attorney fee to be paid Cohen, defendant discharged him. Thereafter the preliminary examination was continued from time to time with Cohen appearing as defendant's attorney against his wishes on each occasion, until A. A. Hinman, his present attorney, was entered as such, who continued to represent defendant throughout the preliminary examination. It does not appear that anything occurred in the meantime from which defendant suffered prejudice. Insofar as the record discloses, no witnesses were examined. Counsels' statements about the examination of the complaining witness are off the record, but as far as anything to the contrary appears, the examination was had at a time

when Cohen was properly representing defendant. At any rate, it does not appear that Hinman asked for a reexamination of this witness. It is not unreasonable to assume that the continuances of which defendant now complains were ordered for the purpose of giving defendant and his attorney Cohen opportunity to adjust their differences concerning the amount of fee, or to give defendant opportunity to obtain satisfactory counsel. It is not alleged in the pleas that the magistrate at any time neglected to give him the opportunity to have a message sent to any counsel in the township or city, as required by section 10769 N. C. L. While the matter set forth in the pleas may show some room for error on the part of the magistrate, such as recognizing Cohen as defendant's attorney after his discharge, it shows no prejudice. On the whole we are certainly not prepared to say that the magistrate's action in this respect amounted to depriving defendant of his right to counsel within the meaning of the constitutional and statutory provisions guaranteeing that right.

The other assignments of error by defendant go to the same points and are governed by what we have said. They show no ground for reversal.

It is not contended that defendant did not have a fair and impartial trial on the information, or that the evidence does not justify the verdict and judgment.

The judgment and order denying the motion for a new trial should be affirmed, and it is so ordered.

ON PETITION FOR REHEARING

July 26, 1937.

*Per Curiam:*

Rehearing denied.