[Crim. No. 2225.   First Dist., Div. Two.   Jan. 26, 1942.]

In re FINN SCHEFSTAD, on Habeas Corpus.

Charles J. Janigian for Petitioner.

Francis P. Healey, District Attorney (Contra Costa), and J. Vance Porlier, Deputy District Attorney, for Respondent.

SPENCE, J.—Petitioner seeks his release on *habeas corpus*.

On December 20, 1941, petitioner was arrested by the police department of the city of Richmond without the service of a warrant of arrest. On December 23, 1941, a complaint was filed in the justice's court charging that petitioner had committed the crime of murder in the city of New Orleans, State of Louisiana. A warrant of arrest was thereupon issued. It appears that petitioner was then arrested under said warrant and that he was brought before the justice's court on said December 23, 1941. No examination was had but a commitment was signed by the justice committing petitioner "until he can be tried or examined."

Petitioner filed his petition herein on January 2, 1942. The writ was issued and the return was thereafter filed on January 12, 1942. The district attorney relied upon sections 1551 et seq. of the Penal Code in justification of the detention of the petitioner.

Petitioner contends that he is entitled to his release upon two grounds: first, that the complaint was insufficient; and second, that he has not been given an examination and that his examination has been delayed more than six days without his consent. It appears unnecessary to discuss the first ground as we believe that petitioner is entitled to his release upon the second ground.

Section 1551.2 of the Penal Code provides that, "Proceedings for the commitment of a person charged under section 1551 and section 1551.1 of this code shall be similar to those provided in this code for the commitment of a person charged with a public offense in this State. . . ." Section 861 of the Penal Code provides, "The examination must be completed at one session, unless the magistrate, for good cause shown by affidavit, postpone it. The postponement cannot be for more than two days at each time, nor more than six days in all, unless by consent or on motion of the defendant."

In *Ex Parte Rosenblat*, 51 Cal. 285, the court said at page 287, "We are inclined to the belief that a person thus

arrested, with a view to his being surrendered on requisition expected to arrive, is entitled to his discharge if his examination is not brought on before the magistrate within six days.'' While the quoted portion of the opinion in the cited case was *dicta,* we see no escape from the conclusions stated therein under the code sections above mentioned.

The petitioner is discharged.

Nourse, P. J., and Sturtevant, J., concurred.