RANDLE *v.* STATE OF INDIANA.

[No. 30,743. Filed June 9, 1966.]

*John Preston Ward,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Donald R. Ewers,* Assistant Attorney General, for appellee.

ARTERBURN, J.—This is an appeal following a charge by affidavit and conviction of the illegal possession of marijuana. The trial was by jury and the appellant was sentenced to the Indiana State Prison for a period of not less than two (2) nor more than ten (10) years.

Appellant assigns as error the overruling of the motion for a new trial and claims error as follows:

"1. Was there sufficient evidence to justify Appellant's conviction?

"2. Did the affidavit charging Appellant contain sufficient facts to justify prosecution for a public offense?

"3. Was the denial to Appellant of a preliminary hearing or its equivalent sufficient violation of his constitutional rights to justify his being granted a new trial?"

Appellant's brief is informal in nature and in fact does not contain a concise statement of the record or a condensed recital of the evidence.

The second contention above stated, namely, that the evidence does not charge a public offense, is not before us for consideration, since it was not listed as one of the items in the motion for a new trial, as must be done under Rule 2-6 of this Court.

A review of the evidence presented by the State's brief in our opinion shows without question that the evidence was more than sufficient to sustain the conviction of the appellant. The evidence shows that Mr. William R. Jackson, a federal narcotics agent, in the course of his work in Fort Wayne, Indiana, became acquainted with the appellant; that on October 28, 1962 the appellant took Jackson to 1217 Summit Street where the appellant took out a plastic vial which contained a quantity of what Mr. Jackson believed to be marijuana. The appellant smoked part of the marijuana at the time and Mr. Jackson took part of it and later had it analyzed, which showed that it was marijuana. There is other evidence corroborative and in support of the fact that the appellant possessed marijuana, as alleged.

Finally, it is urged by the appellant that he was denied a preliminary hearing when the charge was first filed in the Fort Wayne City Court, but which was later dismissed and refiled in the Allen Circuit Court. He alleges that he was prejudiced by failure to be given a preliminary hearing in the city court because he "was deprived of the opportunity to ascertain the time and place of the alleged offense." We find no prejudice resulting therefrom since he had adequate and available remedies to ascertain such facts when the case was filed in the circuit court. Further, the appellant cites no authorities in support of the alleged constitutional violation. We find there is no merit in such contention.

The judgment of the trial court is affirmed.

Rakestraw, C. J. and Myers, J., concur. Jackson, J., concurs in result. Achor, J., not participating.

NOTE.—Reported in 217 N. E. 2d 48.