427 P.2d 558

Ronald Gene DOTSETH, a minor, by his natural father and guardian ad litem,
Joseph Dotseth, Appellant,

v.

The JUSTICE COURT, TUCSON, PRECINCT NO. ONE, COUNTY OF PIMA and State of Arizona, Toby LaVetter, Justice of the Peace, Tucson Precinct No. One, County of Pima and State of Arizona, and Judge of said Justice Court, and the State of Arizona, a real party in interest, Appellees.

No. 2 CA–CIV 348.

Court of Appeals of Arizona.

May 5, 1967.

Rehearing Denied June 2, 1967.

Review Denied July 11, 1967.

John Wm. Johnson, Tucson, for appellant.

Darrell F. Smith, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, William J. Schafer, III, County Atty., Pima County, Rubin Salter, Deputy County Atty., Tucson, for appellees.

MOLLOY, Judge.

This is an appeal from a judgment denying a writ of prohibition. The appellant here, petitioner for special writ in the superior court, is the guardian ad litem of a minor against whom a criminal complaint charging attempted burglary was filed in the Justice Court of Tucson, Precinct No. One. Inasmuch as the position of the appel-

lant and this minor-defendant are in union, we refer to the appellant and the defendant herein as "the defendant."

The defendant contends that, by reason of delays which occurred in bringing the criminal complaint against him on for preliminary hearing, the respondent-magistrate should be prohibited from proceeding further in connection therewith.

The lower court, after a hearing at which only oral arguments were taken, denied the writ of prohibition, and quashed the alternative writ theretofore issued. In making this order, the lower court indicated that it was so doing because it found " * * * that good cause existed for the postponement of the examination by the magistrate pursuant to Rule 20 of the Arizona Rules of Criminal Procedure * * *"

▆▆ The granting of a writ of prohibition lies to a great extent within the discretion of the court to which application is made. Zimmerman v. Superior Court, 98 Ariz. 85, 402 P.2d 212 (1965). On appeal, the appellate court will not reverse unless an abuse of discretion is disclosed. Caruso v. Superior Court in and for County of Pima, 100 Ariz. 167, 412 P.2d 463 (1966). Ordinarily, a writ of prohibition will be granted to prevent further action or proceedings in a lower tribunal only when the lower tribunal is acting in excess of its jurisdiction. Martin v. Superior Court, 96 Ariz. 282, 394 P.2d 211 (1964); Industrial Commission v. Superior Court, 5 Ariz.App. 100, 423 P.2d 375 (1967).

In this action we find ourselves in the peculiar position of being required to judge the trial court's action on a different factual basis than presented to the trial court. Below, the issues were presented in a verified petition for prohibition and a response thereto.[1]

---

1. Under the verified petition for writ of prohibition filed below, there was alleged to have been a continuance of two days (from June 20 to June 22, 1966) in the holding of a preliminary hearing in

"Cause No. 49629." It was also alleged in the petition that as to another action, "Cause No. 49638," the justice of the peace had unreasonably delayed setting a preliminary hearing, in that the complaint

On appeal, the statements of fact as contained in the defendant's opening brief are considerably different from those presented in the verified petition below. The State's answering brief has no section devoted to a statement of facts, and under the applicable rule of procedure, by failing to make a statement of facts, the State has conceded the propriety of the defendant's statement. Rule 5(d), Rules of the Supreme Court, 17 A.R.S.

The opening brief states that a criminal complaint charging attempted burglary was filed June 15, 1966, and that a preliminary hearing was scheduled on June 17, 1966. Thereafter there were three continuances. The first continuance is said to have been granted by the court on June 17, 1966, continuing the hearing for three days to June 20, 1966. This continuance was granted for the reason that the deputy county attorney objected to the qualifications of the person there available to stenographically report the testimony. This person was not a certified court reporter.

The second continuance occurred on June 20, 1966. According to the statement of facts, the defendant was required "* * to report to Naval Authorities in San Diego, California on the 21st day of June, 1966," and this fact had been made known to the justice of the peace at the June 17 hearing. The continued preliminary hearing was scheduled for 9 a. m., on the 20th day of June 1966, and at this time, though the defendant did not personally appear, his counsel appeared. The preliminary hearing was again continued until June 22, 1966, over defendant's counsel's objections. Thereafter, an order was entered by stipulation of counsel for both the State and this defendant that the preliminary hearing be continued indefinitely. Subsequently, over defendant's objection, the hearing was set for August 2, 1966. At this time the de-

fendant did not appear and a warrant was ordered issued for his arrest. It was at this stage that a writ of prohibition was sought in the superior court.

On appeal, the defendant has two principal contentions. The first is that the continuances granted of the preliminary hearing were a violation of Rule 19(A) and Rule 20, Rules of Criminal Procedure, which read:

"Rule 19. Magistrate to proceed with examination unless waived

"A. If the defendant does not request the aid of counsel, the magistrate shall *immediately* proceed with the examination unless the defendant waives examination." (Emphasis added)

"Rule 20. Postponement of examination

"The magistrate may for good cause postpone the examination. If no postponement is had, the examination shall be completed at one session. *No postponement shall be for more than two days,* nor shall the postponements in all exceed six days except for good cause." (Emphasis added)

17 A.R.S. Rules of Criminal Procedure.

The State in its brief has made no attempt to defend the decision of the trial court that there was good cause shown for the three-day continuance granted on June 17, 1966. Without citation of authority, we find the following statement in the State's brief:

"The question of the propriety of the continuance from June 17 to June 20 to procure the services of a certified court reporter has nothing to do with the matter."

Accordingly, for the purposes of this opinion, we assume that the continuance from June 17 to June 20 in the conducting of the subject preliminary hearing was without "good cause."

was filed on June 20, 1966, and the preliminary hearing was not scheduled to be held until June 27, 1966, which hearing

was later vacated, subject to call, on stipulation because of the defendant's reporting for Navy duty.

The appellees rest their position on appeal upon the decision of State v. Maldonado, 92 Ariz. 70, 373 P.2d 583 (1962), holding that, in the absence of a showing that the accused was prejudiced in his defense, the violation of a statute requiring that an accused be brought before a magistrate "* * * without unnecessary delay * * *," A.R.S. § 13–1418, does not invalidate a conviction. In *Maldonado*, the accused had been held for 79 days without compliance with the mandate of A.R.S. § 13–1418. The delay was characterized by our Supreme Court as an "* * * abuse of authority * * *," but not one requiring absolution from criminal prosecution. The court held:

> "Thus, unless the preliminary delay in some way deprives an accused of a fair trial there is no denial of due process of law."

92 Ariz. at 76, 373 P.2d at 587.

As in *Maldonado*, there is no showing here of any deprivation of fair trial by reason of delay. Here, the only delays, over the defendant's objections, are one of three days and another of two days. The defendant argues about a delay of forty-eight days, but we find no merit in this argument. There is no complaint made here of the two-day interval between filing the complaint on June 15, 1966, and the setting of the preliminary hearing on June 17, 1966. The delay of the preliminary hearing after June 22, 1966, was admittedly with the defendant's consent and hence the defendant is in no position to complain of such delay. 21 Am.Jur.2d Criminal Law § 219, p. 259; 23A C.J.S. Criminal Law § 1417, p. 1127.

As to the second delay from June 20 to June 22, the defendant failed to appear at the June 20 hearing. The record does not necessitate a finding that this absence was required by naval duty. This court takes judicial notice that emergency military leaves may be granted, and that San Diego, California, is not so far distant but what a preliminary hearing might have been conducted on June 20 in sufficient time for the defendant to report to duty in San Diego on June 21. Applicable rules of criminal procedure lay some stress upon the defendant's presence at a preliminary hearing.[2] Without determining that a preliminary hearing may not proceed when a defendant is voluntarily absent, we hold that the absence of the defendant from the June 20 hearing was "good cause" for continuing the preliminary hearing to June 22. See State v. Kostura, 98 Ariz. 186, 403 P.2d 283 (1965).

The California cases relied upon by the defendant, we do not find to be apposite. The first such case is People v. Bucher, 175 Cal.App.2d 343, 346 P.2d 202 (1960). In *Bucher*, the superior court was upheld in its granting of a motion to dismiss an information, when the court found that a preliminary examination had been continued for one day, over the objections of the defendant and without "* * * good cause shown by affidavit * * *" as re-

---

2. "Rule 23. Examination of witnesses in presence of defendant; cross-examination

"All witnesses *shall be examined in the presence of the defendant* and may be cross-examined." (Emphasis added)

"Rule 24. Statement by defendant

"When the examination of the witnesses for the state is closed, the magistrate *shall* inform the defendant:

"1. That he may make a statement, not under oath, regarding the charge against him.

"2. That he is accorded such right in order to enable him, if he wishes, to answer the change and to explain the facts appearing against him.

"3. That he may refuse to make any statement and that such refusal may not be used against him at the trial, but that if he makes such statement whatever he says may be given in evidence against him at the trial." (Emphasis added) 17 A.R.S. Rules of Criminal Procedure.

quired by § 861 of the Penal Code. The motion was granted under § 995 of the Penal Code which provided that such a motion should be granted if the defendant has " * * * not been legally committed by a magistrate." On appeal, the court said:

"If the motion under section 995 of the Penal Code had been denied by the superior court, no writ of prohibition would lie. That writ lies only to bar action in excess of jurisdiction, and *no jurisdictional factor is involved here.*"

(Emphasis added) 346 P.2d at 204.

Ex parte Schefstad, 49 Cal.App.2d 306, 121 P.2d 755 (1942), is a habeas corpus decision. Under California law, the defendant who was accused of a crime in another state, was entitled to preliminary examination in California. Instead of granting him one, the justice of the peace committed the petitioner " * * * until he can be tried or examined." When such delay in conducting an examination had continued for more than six days (13 days at time of filing a petition for writ of habeas corpus—23 days at time of hearing thereon), the accused sought habeas corpus and the cited decision is to the effect that the order of indefinite continuance was in violation of § 861 of the Penal Code of California (substantially the same as our Rule 20), and that the petitioner was entitled to his release.

*Schefstad* stands for the proposition that a defendant is entitled to his liberty during such time as a preliminary examination is unduly delayed, but we do not believe that it supports the defendant's contention that because there was an unnecessary delay of three days in the conducting of his preliminary hearing, he is thereby granted immunity as to the criminal complaint which prompted such preliminary hearing.

Two other California cases cited by the defendant we find to be completely inapposite: People v. Beach, 122 Cal. 37, 54 P. 369 (1898); and People v. Collins, 117 Cal. App.2d 175, 255 P.2d 59 (1953). People v.

Van Horn, 119 Cal. 323, 51 P. 538 (1897), interprets a rule of procedure forbidding, as does our Rule 20, delays in excess of six days in the conducting of a preliminary hearing. The reasoning of *Van Horn* is contrary to the defendant's position here. We quote the following language from that decision of the Supreme Court of California as having some pertinency here:

"The commitment by a magistrate, after examination, of a person charged with a crime, will support an information, where the magistrate had jurisdiction to make the commitment, and there was no irregularity affecting defendants' substantial rights; and *we do not think that a postponement of the preliminary examination beyond six days, whether erroneous or not, affected the jurisdiction.*" (Emphasis added)
51 P. at 539.

■ The reasoning of *Maldonado, supra,* seems more pertinent to us than this California authority. We hold that a three-day delay of a preliminary hearing, even though in violation of Rule 20, Rules of Criminal Procedure, does not affect the jurisdiction of the justice of the peace to proceed further with his duties as a magistrate in connection with the criminal complaint as to which the preliminary hearing was being conducted. See People v. Stuckrath, 64 Cal.App 84, 220 P. 433 (1923); State v. Main, 37 Idaho 449, 216 P. 731 (1923); Ex parte McGee, 44 Nev. 23, 189 P. 622 (1920); State v. Rollings, 58 Nev. 58, 68 P.2d 907 (1937); see also 22 C.J.S. Criminal Law § 335(b), pp. 866–868; 26 Cal.Jur.2d Indictment and Information § 8, pp. 447–449.

■ As to the defendant's second contention—that he is entitled to a continuance under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A.App. § 501 et seq.—the defendant has admittedly not been able to find a decision holding that this Act has any application to a criminal proceeding. We believe a reading of the Act clearly indicates, as its title suggests, that it was not

intended to grant relief other than in civil actions.[3]

Judgment affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.

---

3. Among such indications is the language in 50 U.S.C.A.App. § 510:

"§ 510. Purpose; suspension of enforcement of civil liabilities

"In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, *provision is made to suspend enforcement of civil liabilities, in certain cases*, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the *civil rights* of persons in such service during the period herein specified over which this Act [sections 501–548 and 560–590 of this Appendix] remains in force. Oct. 17, 1940, c. 888, § 100, 54 Stat. 1179." (Emphasis added)