JAMES B. BROWN, DARRELL COOMES, ROBERT GROSBECK, HARLEN HARMON, HARVEY W. HUNT, MARK LINZA AND PATRICK McKENNA, PETITIONERS, v. JUSTICE'S COURT OF CARSON TOWNSHIP, COUNTY OF ORMSBY, STATE OF NEVADA, RESPONDENT.

No. 5333

June 7, 1967                    428 P.2d 376

*James C. Martin, Robert Potter, John Tom Ross, Gary A. Sheerin, William J. Crowell, J. MacArthur Wright,* of Carson City, *Jack Christensen,* of Zephyr Cove, for Petitioner.

*Robert F. List,* District Attorney, Ormsby County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

This is a petition for a writ of prohibition directed to the Justice of the Peace of Ormsby County. The writ is based on the allegation that that officer lost jurisdiction over petitioners charged with escape from the state prison.

On January 30, 1967, six of the petitioners were arrested and then booked in the county jail of Ormsby County for escape from the state prison where they had been confined for conviction of crimes.[1] The complaints for escape were filed against the petitioners on February 23, 1967. On March 3 the petitioners, who had been placed in solitary confinement (commonly referred to as the "hole") in the prison, were formally arrested and taken before a magistrate and informed of the charge against them and of their constitutional rights. Thirty-two days had elapsed between the booking and their first appearance before a judicial officer. Counsel was appointed for each of the petitioners on March 7, and on March 21 they were arraigned in Justice Court. At that arraignment a motion to dismiss on their behalf was denied and a date was set for preliminary examination. This petition for prohibition was then sought to halt that proceeding and is primarily directed to the fact that the petitioners were not brought before a magistrate without unnecessary delay as required by NRS 171.200[2] and NRS 171.300(1).[3]

1. Availability of a remedy is one of the problems that concerned the petitioners. Since they already were in lawful

---

[1] The seventh petitioner was returned directly to the prison and was not booked on this date. However, in all other respects the contentions are the same.

[2] NRS 171.200. "The defendant must, in all cases, be taken before the magistrate without unnecessary delay."

[3] NRS 171.300(1). "Except as provided in subsection 2, when an arrest is made without a warrant by a peace officer or private person, the person arrested must, without unnecessary delay, be taken before the nearest or most accessible magistrate in the county in which the arrest is made, and a complaint, stating the charge against the person, must be laid before such magistrate."

custody because of the convictions for which they were imprisoned, they could not at this time resort to habeas corpus. Ex parte Sheply, 66 Nev. 33, 202 P.2d 882 (1949); Wells v. People of State of California, 352 F.2d 439 (9th Cir. 1965); Commonwealth v. Ashe, 16 A.2d 668 (Pa. 1940); Eaton v. Beto, 368 F.2d 839 (5th Cir. 1966); McNally v. Hill, Warden, 293 U.S. 131 (1934); Boseant v. Fitzharris, 370 F.2d 105 (9th Cir. 1966); Schack v. State, 194 So.2d 53 (Fla. 1967); State v. Adams, 419 P.2d 739 (Ariz. 1966). Likewise, they could not appeal from the denial of their motion to dismiss the proceeding by the justice of the peace. NRS 177.060(1);[4] Allgood v. State, 78 Nev. 326, 372 P.2d 466 (1962); People v. Wilson, 32 Cal.Rptr. 44 (Cal. 1963); People v. Aguilar, 344 P.2d 880 (Cal. 1959); State v. Roberts, 153 N.E.2d 203 (Ohio 1957); People v. Goldman, 213 N.Y.S.2d 573 (N.Y. 1961); United States v. Golden, 239 F.2d 877 (2nd Cir. 1956); United States v. Foster, 278 F.2d 567 (2nd Cir. 1960); Chereton v. United States, 256 F.2d 576 (6th Cir. 1958). Therefore, under these circumstances, prohibition, if successful, would provide speedy and adequate relief. Hunter v. Justice Court, 223 P.2d 465 (Cal. 1950); Providence Baptist Church v. Superior Court, 251 P.2d 10 (Cal. 1953); Coughlan v. Justice Court of Kern River Judicial Dist., 267 P.2d 368 (Cal. 1954); Martin v. Superior Court, 394 P.2d 211 (Ariz. 1964); State v. District Court of Fourteenth Jud. Dist., 393 P.2d 54 (Mont. 1964); State v. Davison, 420 P.2d 842 (Mont. 1966).

2. The right of an arrested person to be brought before a magistrate without unnecessary delay after his arrest is afforded by statute in most states and does not per se import any direct federal constitutional guarantee. Kent v. United States, 272 F.2d 795 (1st Cir. 1959). Thus, the proscriptions of McNabb v. United States, 318 U.S. 332 (1943), Upshaw v. United States, 335 U.S. 410 (1948), Mallory v. United States, 354 U.S. 449 (1957), and Culombe v. Connecticut, 367 U.S. 591 (1960), have generally only been applied to the federal courts. These federal requirements are not necessarily binding upon the state courts. Brown v. Turner, 257 F.Supp.

---

[4]NRS 177.060(1). "Appeals to district and supreme court. The party aggrieved in a criminal action, whether that party be the state or the defendant, may appeal as follows:

"1. To the district court of the county from a final judgment of the justice's court * * *."

734 (N.C. 1966); Allen v. Bannan, 332 F.2d 399 (6th Cir. 1964); Culombe v. Connecticut, supra.

In the state courts the failure to bring the arrested person immediately before a magistrate after his arrest has been asserted to make any confession or admission obtained from him during the interim inadmissible if the delay was causally connected with the securing of the confession. State v. Zukauskas, 45 A.2d 289, 292 (Conn. 1945); People v. Wallace, 220 N.E.2d 198 (Ill. 1966); People v. Davis, 220 N.E.2d 222 (Ill. 1966); People v. Garner, 44 Cal.Rptr. 217 (Cal. 1965); Washington v. People, 405 P.2d 735 (Colo. 1965). However, even under the federal system the McNabb rule has been held inapplicable where at the time of the admission the prisoner is in lawful custody. Rademacher v. United States, 285 F.2d 100 (5th Cir. 1960). (Escapee from prison recaptured.)

Our statutes require arraignment after arrest without unnecessary delay. NRS 171.200, 171.300(1). One of the primary reasons for a speedy arraignment by a judicial officer is to inform the accused of his privilege against self-incrimination. Greenwell v. United States, 336 F.2d 962, 966 (D.C. Cir. 1964). Also, the accused has a right to a speedy trial and due process of law to assure that he is not left to languish in jail. State v. Maldonado, 373 P.2d 583 (Ariz. 1962); Randle v. State, 217 N.E.2d 48 (Ind. 1966). However, at this stage of the proceedings the delay between arrest and arraignment has not been inimical to the interests of the petitioners. We find no basis for asserting the other possible grounds listed above under the circumstances of this case. Mere delay alone in this factual setting, without a further showing of some prejudicial effect to constitutional rights, does not cause a loss of jurisdiction to proceed with the case. See Lovelace v. United States, 357 F.2d 306 (5th Cir. 1966). The case of Ex parte Ah Kee, 22 Nev. 374, 40 P. 879 (1895), heavily relied upon by the petitioners, is inapposite because Ah Kee was deprived of his freedom, which is not the situation here.

As to the petitioners' confinement in the "hole" at the prison, that is an administrative practice subject to legislative or executive curiosity, not ours, as presented at this time.

The writ of prohibition is denied.

THOMPSON, C. J., and COLLINS, J., concur.