THE STATE OF NEVADA, APPELLANT, *v.* FREDDIE GENE McROY AND OLIVER EMMETT LEE, RESPONDENTS.

No. 5766

June 20, 1969                              455 P.2d 918

---

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, *George H. Spizzirri,* Deputy District Attorney, Clark County, for Appellant.

*James D. Santini,* Public Defender, Clark County, for Respondents.

## OPINION

By the Court, ZENOFF, J.:

On August 29, 1968 Freddie Gene McRoy and Oliver Emmett Lee were arrested for the crimes of burglary and possession of narcotics. Thereafter several different charges were filed and later dismissed. They eventually petitioned for a writ of habeas corpus on the contention that they were not afforded a preliminary hearing within 15 days as required by NRS 171.196(2). On that ground the district court granted the petition from which the state appeals.

After their arrest on August 29th the two were arraigned on September 5th but the complaint was dismissed on September 11th because they had been wrongfully charged. Again, on September 10th they were charged this time with possession of narcotics, but that complaint was dismissed because of an illegal search and seizure. A third complaint was filed September 10th and on September 17th that was dismissed without any explanation. Meanwhile, on September 13th a complaint was

filed charging them with receiving stolen property and a preliminary examination set for September 25th. McRoy and Lee allege that the events commenced with their arrest of August 29th while the state relies on the September 13th date as the beginning of the 15 days within which the preliminary examination may be held.

We do not view the facts in this case as analogous to those of Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251 (1966), where the dismissal was an intentional tactic on the part of prosecutor in order that he could obtain a delay that he had once been refused. Such a motive is a "callous disregard of a defendant's rights." Oberle v. Fogliani, supra. Remedies were available to the defendants if their incarceration was unduly long for any reason. Absent unconscionable conduct the delay in proceedings here was understandable and not prejudicial to their rights. State v. Rollings, 58 Nev. 58, 68 P.2d 907 (1937).

Since it is clear that the time within which the hearing must have been afforded began to run on September 13th and since the delay was neither purposeful nor oppressive, we reverse and remand the respondents to custody.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.